IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WARDRICK,<br>      Plaintiff,<br><br>vs.<br><br>ASSOC WARDEN ROBARE, et al.<br>      Defendants. | )<br>)<br>)<br>)    C.A. No.06-185E<br>)    District Judge McLaughlin<br>)    Magistrate Judge Baxter<br>)  |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss or in the alternative for summary judgment [Document # 20] be granted. The Clerk of Courts should be directed to close this case.

**II.   REPORT**

    **A.    Relevant Procedural History**

On August 16, 2006, Plaintiff, an inmate incarcerated within the federal correctional system[1], filed this *pro se* civil rights action. Named as Defendants are: Associate Warden Sherry L. Robare, SHU Lt. Gary Cooper, Corrections Officer Lenny Moore, Corrections Officer Chester Layton, and Unit Manager Tina Murphy, all of FCI- McKean.

In his complaint, Plaintiff alleges that in the evening of April 6, 2006, he was in the microwave room popping some popcorn when Defendant Moore locked him inside the room for

---

[1] At the time of the filing of the complaint, Plaintiff was incarcerated within this district at FCI-McKean in Bradford, Pennsylvania, but this Court is aware that Plaintiff has since been transferred to USP-Beaumont in Texas. Plaintiff has not updated the docket in this case with his current address as he is obligated to do.

1

no reason and later confiscated his sweatsuit. Plaintiff claims that he later complained to Defendant Deputy Warden Robare about this treatment but she did nothing. Plaintiff claims that he was subsequently charged with a disciplinary violation of threats and insolence to staff and that this incident report was "fraudulent" and retaliatory. Further, Plaintiff alleges that as a result of the disciplinary charge he was illegally placed in the SHU by Defendant Cooper.

Defendants have filed a motion to dismiss, or in the alternative, for summary judgment. Document # 20. Plaintiff has filed an Opposition to the pending motion. Document # 23, 24, and 28. These issues have been fully briefed and are ripe for disposition by this Court.

B.  **Standards of Review**
   1.  *Pro se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court must

consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3. Motion for summary judgment

Defendants have submitted exhibits in support of their motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

4

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C.      The Prison Litigation Reform Act

#### 1.      The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2] The exhaustion requirement is not a

---

[2] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject

technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___ U.S. ___, ___ 126 S.Ct. 2378, 2384-88 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id at * 2382.

A plaintiff need not affirmatively plead exhaustion. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 921 (Jan. 22, 2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). Instead it is the burden of the defendant asserting the defense to plead and prove it. Id.

### 2.    The Procedural Default Component of the Exhaustion Requirement

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004). The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting §

---

matter jurisdiction.").

> 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id.  Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default."  Id. at 231.

### 3. The Administrative Process Available to Federal Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'  The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Jones v. Bock, ___ U.S. at ___, 127 S.Ct. at 922-23.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a).  Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred."  28 C.F.R. § 542.14(a).  The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response.  28 C.F.R. § 542.15(a).

An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 4. Exhaustion Applied

In the instant case, Defendants argue that this case should be dismissed because Plaintiff has failed to exhaust his administrative remedies. In support of their argument, Defendants have provided the Declaration of Diana Lee, Assistant Regional Counsel of the Federal Bureau of Prisons [Document # 21-2], who has provided evidence that Plaintiff has not exhausted his administrative remedies with regard to any portion of the complaint. Plaintiff has not provided evidence to the contrary as is his burden under Rule 56.

#### a) Number 410864

On April 18, 2006, Plaintiff filed a Request for Administrative Remedy with the Institution complaining about the confiscation of his sweatsuit in retaliation for the filing of a grievance against Defendant Moore. On May 8, 2006, the request was denied. On May 17, 2006, Plaintiff filed an appeal with the regional office which was denied. Plaintiff did not appeal to the General Counsel's office. Id. at ¶ 9.

#### b) Number 410869

On May 15, 2006, Plaintiff filed a Request for Administrative Remedy with the Institution complained of harassment by Defendant Moore. On May 24, 2006, the request was denied. On June 5, 2006, Plaintiff filed an appeal to the regional office, which was denied on July 3, 2006. Plaintiff did not appeal to the General Counsel's office. Id. at ¶ 10.

#### c) Number 419147

On July 6, Plaintiff filed a request for administrative remedy with the Institution

complaining about the UDC hearing conducted by Defendant Murphy.  On July 21, 2006, the request was denied.  On September 5, 2006 (more than the requisite twenty days following denial), Plaintiff filed an appeal to the regional office, which was rejected on September 12, 2006 as untimely.  On September 21, 2006, Plaintiff re-filed the appeal with the regional office, and it was again rejected for procedural deficiencies.  Id. at ¶ 11.

        **d)**      **Other**

Plaintiff has not filed any other administrative remedy requests during the relevant time frame, specifically nothing naming either Defendants Robare, Cooper or Layton.  Id. At ¶¶ 12, 13.

Accordingly, Plaintiff has not exhausted his administrative remedies in regard to any portion of the factual allegations in his complaint as he is required to do by the Prison Litigation Reform Act.  As such, summary judgment should be granted in favor of Defendants and this case should be closed.

## III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss or in the alternative for summary judgment [Document # 20] be granted.  The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.  See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

                                  <u>S/ Susan Paradise Baxter</u>
                                  SUSAN PARADISE BAXTER
                                  CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: July 13, 2007